IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02374-KLM

NICOL NOWLIN, as personal representative of the Estate of Michael Craven,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE, COLORADO,
DAVID C. WALCHER, Sheriff of Arapahoe County, in his official capacity,
LOUIE PEREA, Undersheriff of Arapahoe County, in his official capacity,
VINCE LINE, Bureau Chief, Detention Administration, in his individual and official capacities,
LAURIE HALABA, Captain, Detention Administration, in her individual capacity,
JARED ROWLISON, Captain, Detention Operations, in his individual capacity,
DAVID AXELROD, Detention Operation Technician, in his individual capacity,
WILLIAM RIVAS, Deputy, in his individual capacity,
B.J. BEATTY, Deputy, in his individual capacity,
MOLLY NILL, Deputy, in her individual capacity,
GEOFFREY MAISCH, Sergeant, in his individual capacity, and
TRENT STEFFA, Sergeant, in his individual capacity,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Discovery and Vacate Scheduling Conference** [#8][1] (the "Motion"). Plaintiff filed a Response [#14] in opposition to the Motion, and Defendants filed a Reply [#16]. Defendants ask the Court to vacate the Scheduling Conference set for January 29, 2018, at 10:00 a.m. and to stay

---

[1] "[#8]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

discovery in this case until after Defendants' pending Motion to Dismiss [#7] is resolved. Nine of the eleven individual Defendants in this action are identified in their personal capacities, and each asserts a qualified immunity defense to Plaintiff's claim under 42 U.S.C. § 1983 for the alleged violation of his rights under the Eighth Amendment. *See Compl.* [#1]. If granted in full, the Motion to Dismiss would dispose of all claims asserted against all Defendants.

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the

defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The Court first addresses the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. Plaintiff summarily states that he "has a strong interest in proceeding expeditiously with the litigation, and Plaintiff's ability to pursue this action will likely suffer as memories fade and witnesses' testimony becomes less reliable." *Response* [#14] at 6. The Court notes that the effect that a stay will have on the difficulty of discovery and trial is speculative, at best. However, despite Plaintiff's reliance on these purely conclusory statements, the Court gives him the benefit of the doubt with respect to his interest in proceeding. Based on the considerations he expresses, the Court finds that the first *String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) regarding claims against individual governmental officials in their individual capacities, not their official capacities. *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (citations omitted). Here, nine of the Defendants have asserted this

defense because they are government officials, Plaintiff only seeks damages, and the claim is asserted against these Defendants in their individual capacities. *Compl.* [#1]. Plaintiff argues that "the burden on Defendants is likely to be minimal, especially if . . . this Court issues orders containing the scope of discovery until the qualified immunity issues are resolved." *Response* [#14] at 6. However, the United States Supreme Court has discouraged partial stays of discovery in situations like the one presented here. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) ("It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."). Based on these considerations and strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery, the Court finds that the second *String Cheese Incident* factor weighs heavily in favor of staying discovery.

With regard to the third factor, Plaintiff asserts that "the Court's docket will benefit if the parties are permitted to commence discovery, as the case will proceed more expeditiously toward a posture in which the parties can intelligently discuss potential pretrial resolution and/or proceed toward a trial on the merits." *Response* [#14] at 6. This may be partially true. But if the case remains "in a stagnant state" on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court. In those circumstances, scheduling and discovery issues will not be raised and will not take time

from the Court that could otherwise be used to address the pending dispositive motion. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no identified nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, Plaintiff asserts that the public "interest favors the orderly, efficient and expedient administration of justice, which weighs in favor of moving the case forward in the litigation process." *Response* [#14] at 6. The Court is not persuaded that stays in section 1983 cases are contrary to the public interest because they may, for example, delay appropriate discipline or procedural reform or deter future plaintiffs. The *possibility* that those effects may occur is outweighed by several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time. Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#7] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#8] is **GRANTED**.  All discovery is **stayed** pending resolution of Defendants' Motion to Dismiss [#7].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 29, 2018, at 10:00 a.m. is **VACATED**.  It shall be reset, if necessary, after resolution of the Motion to Dismiss [#7].

DATED: January 5, 2018 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge